### No. 526

**VAHEY OIL CO. v. VAUGHN**

No. 19777. Supreme Court
On motion to certify. Dock. Apr. 16, 1926.

**941. PRACTICE AND PROCEEDURE.—On a directed verdict by a trial court; can the Court of Appeals reverse such verdict on the ground it should have gone to jury when there is not a scintiila of evidence?**

It appears that one Sokol, a day driver for the Company took one of the Company's cars at eleven o'clock at night while he was off duty, without any authority and drove one Coleman, a bookkeeper of the Company whose duty ended at eleven o'clock, home. While so doing Sokol ran into Vaughn, causing the injury complained of.

The trial court directed a verdict for the Company on the ground that the evidence had not established facts to warrant any liability on the part of the Company.

## OHIO SUPREME COURT—Continued

The Appeals reversed this judgment on the ground that the question should have been submitted to the Jury.

The Oil Company, in the Supreme Court, contends:

1. That the judgment of the Court of Appeals is contrary to law in reversing the action of the Common Pleas, in that it conflicts with the well defined rules of agency.

2. That the judgment of the Court of Appeals is contrary to law, in that it allows a jury to speculate on what might have been done, and not confine its decision to the testimony contained in the Record of what was done.

3. That the judgment of the Court of Appeals is contrary to law in that thereby a trial court is not permitted to direct a verdict even though there be not a scintilla of evidence offered to establish one of the essential elements of plaintiff's cause of action, and not facts in evidence from which an inference could reasonably be drawn tending to establish such element.

The element in question of course, is proof that the automobile involved in the accident was at the time being operated on the business of the defendant.

Attorneys—W. F. Pfau and F. B. Bauer, for Co.; W. A. Ambrose and A. M. Henderson, for Vaughn; all of Youngstown.